**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| Shirley D. Webster, | |
| Plaintiff, | |
| v. | Case No. 18-CIV-222-RAW-FHM |
| Elizabeth A. Shumaker, Clerk of the Court; Judge Moritz; Judge McKay; Judge Clara Egan; and Judge Gregory K. Frizzell, | |
| Defendants. | |

## OPINION AND ORDER

The Complaint [Docket No. 1] in this matter was filed on April 23, 2018.[1]  On May 2, 2018, the case was reassigned to this court [Docket No. 4].

The court construes Plaintiff's allegations liberally as she is *pro se.   See Haines v. Kerner*, 404 U.S. 519 (1972).   Plaintiff argues that she was defrauded of twenty-four million seven hundred thousand dollars by Defendants.   All Defendants are officers of the court, either in this court or the Tenth Circuit Court of Appeals.

Plaintiff has previously brought other actions in this court, but two cases are specifically mentioned in the Complaint and its exhibits (Case Nos. 17-CV-312-GKF-JFJ; and 18-CV-205-CVE-JFJ).   The court takes judicial notice of the docket sheets of these two cases.   *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (courts

---

1   The court notes that the attachments to the Complaint reflect that Plaintiff is also known as Shirley Dionne Garrett.

have "discretion to take judicial notice of publicly-filed records ... concerning matters that bear directly upon the disposition of the case at hand"). *See also, St. Louis Baptist Temple, Inc. v. FDIC, 605 F.2d 1169, 1172* (10th Cir. 1979)("[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.")

The first–referenced matter (17-CV-312) was originally filed on June 2, 2017. It is styled *Shirley Dionne Garrett and Dewayne M. Garrett v. Lotus Investment Funds Inc., LLC.* On October 3, 2017, the Honorable Gregory K. Frizzell entered an order granting various motions to dismiss. Plaintiffs appealed to the Tenth Circuit Court of Appeals on October 10, 2017. The Tenth Circuit Court of Appeals issued its Decision on February 28, 2018, and the Mandate was issued on March 22, 2018.

The second-referenced matter (18-CV-205) was removed to the Northern District of Oklahoma on April 13, 2018 from the Washington County District Court. It is styled *Lotus Investment Fund 1, LLC v. Shirley Dionne Garrett and Dwayne M. Garrett.* An Opinion and Order was entered on April 19, 2018, remanding the case to the Oklahoma state court.

Plaintiff alleges that the manner in which the cases were conducted shows the alleged corruption. Plaintiff alleges that the Opinion in the second case was filed "before the mandate was up" in the first case. Both cases apparently involve Plaintiff and a dispute with Lotus Investment Fund 1, LLC.

The majority of Plaintiff's Complaint, however, makes allegations regarding a divorce decree and the award of marital property between Plaintiff's nephew (Dwayne M. Garrett) and the nephew's ex-wife (Carlotta Lowe Gordon Garrett). That matter has been litigated a number of times in this court.[2]

## Rule 12(b)(6) Dismissal

A district court has the authority to *sua sponte* dismiss a claim under Rule 12(b)(6) if it is " 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Andrews v. Heaton,* 483 F.3d 1070, 1074 n. 2 (10th Cir.2007); *see also McKinney v. State of Oklahoma, Dep't of Human Servs.,* 925 F.2d 363, 365 (10th Cir.1991). The court must determine whether Plaintiff has stated a claim upon which relief may be granted pursuant to Fed.R.Civ.P. 12(b)(6).

> To survive dismissal, a complaint must allege sufficient facts which, taken as true, state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). A complaint is plausible if there are sufficient facts to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* That is, the factual allegations must be enough to raise a right to relief "above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

*Diaz v. United States Attorney Gen.*, 669 F. App'x 949 (10th Cir. 2016).

A claim should be dismissed when the complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). "Once a claim has been stated adequately,

---

2    In the Order dated April 19, 2018 [Case No. 18-CV-205-CVE-JFJ, Docket No. 7], the Honorable Claire V. Eagan stated that this Plaintiff may have filing restrictions imposed against her if she continues to file frivolous cases in this court.

it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 562. For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to claimant. *Twombly,* 550 U.S. at 555. However, a court need not accept as true those allegations that are conclusory in nature. *Erikson v. Pawnee Cnty. Bd. Of Cnty. Com'rs,* 263 F.3d 1151, 1154–55 (10th Cir .2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.3d 1106, 1109–10 (10th Cir.1991).

In the instant case, the Complaint claims that Defendants prepared "false writings with the intent to conceal defrauding" Plaintiff. The only assertions Plaintiff offers in this regard is the timing of the orders entered in the previous cases. Additionally, this court has no legal basis to exercise jurisdiction over a divorce decree and the award of marital property that has been litigated multiple times in the state court.

Rule 15(a) states that "leave [to amend] shall be freely given when justice so requires." However, leave need not be granted where amendment would be futile. *See Jefferson Cnty. Sch. Dist. No. R–1 v. Moody's Investor's Servs., Inc .,* 175 F.3d 848, 859 (10th Cir.1999); *Mountain View Pharmacy v. Abbott Lab,* 630 F.2d 1383, 1389 (10th Cir.1980) ("Where a complaint, as amended, would be subject to dismissal, leave to amend need not be granted.").

Finally, a "trial court may dismiss a claim *sua sponte* without notice where the

claimant cannot possibly win relief." *McKinney v. State of Oklahoma*, 925 F.2d 363, 364 (10th Cir. 1991).

## Immunity

From the face of the Complaint, all allegations against the Defendants were regarding the performance of their official duties. As to Defendants Moritz, McKay, Egan (sic) and Frizzell, their official duties were as members of the judiciary. As to Defendant Shumaker, her official duties were as Clerk of the Court.

The doctrine of absolute judicial immunity shields judges from liability for their "official adjudicative acts." *Lundahl v. Zimmer*, 296 F.3d 936, 939 (10th Cir. 2002). The absolute judicial immunity doctrine is founded on "a general principle of the highest importance to the proper administration of justice" - "that a judicial officer, in exercising the authority vested in him, should be free to act upon his own convictions, without apprehension of personal consequences to himself." *Id*. (quoting *Stump v. Sparkman*, 435 U.S. 349,355 (1978)).

The doctrine of absolute judicial immunity applies to all judges. *Id*. There are only two exceptions to the doctrine: "(1) when the act is not taken in the judge's judicial capacity, and (2) when the act, though judicial in nature, is taken in the complete absence of all jurisdiction." *Stein v. Disciplinary Bd. of Supreme Court of N.M.*, 520 F.3d 1183, 1195 (10th Cir. 2008) (internal brackets and quotation marks omitted)(quoting *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991)). As to the first

exception, whether an action is within a judge's judicial capacity relates "to the nature of the act itself, *i.e.,* whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.,* whether they dealt with the judge in his judicial capacity." *Mireles*, 502 U.S. at 12 (quoting *Stump*, 435 U.S. at 362).

As to the second exception, the scope of a judge's jurisdiction is "construed broadly where the issue is the immunity of the judge." *Stump*, 435 U.S. at 356-57. For this exception to apply, the judge must have acted "in the clear absence of all jurisdiction." *Id*.   The Supreme Court provides an example: "if a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction." *Id*. at 357 n.7.

As for Defendant Shumaker, the allegations against her involve her office filing the orders of the judges.   Those performing ministerial acts at the direction of a judge are also entitled to absolute immunity. *Whitesel v. Sengenberger,* 222 F.3d 861, 869 (10th Cir.2000).

**Claim Preclusion**

Plaintiff brings this latest action to rectify an alleged injustice to her through the decisions entered in the earlier cases filed in this court (the two case numbers referenced above).   Those two cases dealt specifically with Plaintiff's ongoing dispute with Lotus Investment Fund 1, LLC.

The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as "*res judicata*."   *Taylor v. Sturgell,*   553

U.S. 880, 892, 128 S.Ct. 2161, 171 L.Ed.2d 155 (2008). In an application of *res judicata*, the court must view the facts in the light most favorable to the nonmoving party. *See Pelt v. Utah*, 539 F.3d 1271, 1280 (10th Cir. 2008). "Claim preclusion generally refers to the effect of a prior judgment in foreclosing successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *New Hampshire v. Maine*, 532 U.S. 742, 748, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001).

Claim preclusion requires "(1) a final judgment on the merits in an earlier action; (2) identity of the parties in the two suits; and (3) identity of the cause of action in both suits." *MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 831 (10th Cir. 2005). As previously stated, the cases involving the Garrett divorce and property settlement have been litigated *ad nauseum* in both the state and federal courts.

In the Complaint, Plaintiff states that the real property at issue was transferred in 2004. Plaintiff has litigated against Lotus Investment Fund 1, LLC on numerous occasions, both in the federal and state courts in an attempt to recover the real property lost through the Garrett divorce. An attachment to the Complaint shows a document entitled "Appellant's Appeal" in the Supreme Court of the State of Oklahoma regarding the same real property mentioned in the instant Complaint in this case. There has been no new contracts or transactions involving these parties – all claims are a result of the same ongoing dispute with Lotus Investment, and the divorce and property settlement between Dwayne M. Garrett and Carlotta Lowe Gordon Garrett. The court considers the decisions entered in the Supreme Court of the State of Oklahoma and the Tenth Circuit

Court of Appeals to be the final judgments on the merits. This court finds, therefore, that all three elements are met for claim preclusion.

Additionally, the court has found the following cases through the court's PACER website (www.Pacer.gov) as well as the Oklahoma State Courts Network (OSCN.net), and takes judicial notice of them:

| Date Filed | Court | Case Number | Style of Case |
| --- | --- | --- | --- |
| 8/04/2014 | Washington County District Court | CJ-2014-147 | Shirley Garrett, et al. v. Lotus Investment Fund 1, LLC, et al. |
| 9/24/2015 | Washington County District Court | CJ-2015-213 | Lotus Investment Fund 1, LLC v. Garrett |
| 4/01/2016 | U.S. District Court - Northern District of Oklahoma | 2016-CV-173 | Lotus Investment Fund 1, LLC v. Shirley D. Webster |
| 5/19/2016 | Supreme Court of the State of Oklahoma | SD-115012 | Lotus Investment Fund 1, LLC v. Shirley Dionne Garrett and Dwayne M. Garrett |
| 4/18/2017 | Supreme Court of the State of Oklahoma | O-115961 | Dwayne M. Garrett and Shirley Webster v. Governor Mary Fallin and Stan Florence |
| 6/02/2017 | U.S. District Court - Northern District of Oklahoma | 2017-CV-312 | Shirley Webster v. Lotus Investment Funds, Inc. LLC |
| 10/11/2017 | U.S. Court of Appeals, Tenth Circuit | 2017-CV-5105 | Shirley D. Garrett v. Lotus Investment Funds, et al. |
| 2/27/2018 | U.S. District Court - Northern District of Oklahoma | 2018-CV-110 | Lotus Investment Fund 1, LLC v. Shirley Webster |
| 4/13/2018 | U.S. District Court - Northern District of Oklahoma | 2018-CV-205 | Lotus Investment Funds, 1, LLC v. Shirley D. Webster |

| 4/23/2018 | U.S. District Court - Northern District of Oklahoma | 2018-CV-222 | Shirley D. Webster v. Shumaker, et al. |
|-----------|-----------|-----------|-----------|
| 4/25/2018 | U.S. District Court - Eastern District of Oklahoma | 2018-CV-128 | Shirley D. Webster v. Shumaker, et al. |

As can be seen by this list, Plaintiff has litigated this matter through the Oklahoma State District Courts and the Oklahoma Supreme Court, in the United States District Courts for the Northern and Eastern Districts of Oklahoma, as well as the United States Court of Appeals for the Tenth Circuit.

"The fundamental policies underlying the doctrine of *res judicata* (or claim preclusion) are finality, judicial economy, preventing repetitive litigation and forum-shopping, and the interest in bringing litigation to an end." *Plotner v. AT&T Corp.*, 224 F.3d 1161, 1168 (10th Cir. 2000). To allow Plaintiff to bring the instant claims now would impair the rights established in the original proceedings. *See Campbell v. City of Spencer,* 777 F.3d 1073, 1083 (10th Cir. 2014). Additionally, in light of the above–listed cases, any efforts for judicial economy, preventing repetitive litigation and obtaining finality have been circumvented by Plaintiff. Plaintiff has had her day in court, repeatedly.

## Conclusion

The claims against all Defendants are for actions taken during the course of their official duties as officers of the court. Those claims are, therefore, dismissed under the doctrine of absolute judicial immunity. Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the allegations listed in the complaint do not create a claim upon which

this lawsuit can proceed. The court finds that Plaintiff's action fails to state a claim on which relief can be granted, and any possible amendment to the complaint would be futile. The court finds that Plaintiff shall not be granted leave to amend the complaint should she request such relief. Additionally, claim preclusion or *res judicata* require dismissal of the action.

It is ordered that Plaintiff's claim is **dismissed with prejudice** for the above-stated reasons.

Dated this 23rd day of May, 2018.

Ronald A. White

_____

HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE